**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES EDWARD SHURN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:07-CV-1652 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Charles Edward Shurn's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On July 29, 2004, Shurn was charged in a superseding indictment with on one count of knowingly possessing with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and committing the offense within one thousand feet of a school. Defendant had two prior felony convictions of possession with intent to distribute heroin, thereby making him subject to punishment as a career offender pursuant to United States Sentencing Guidelines § 4B1.1.

On March 7, 2005, a jury trial began and lasted three days. Shurn was found guilty of the charge, and the special allegation was found to be true. On October 6, 2005, the Court sentenced Shurn to a term of 240 months imprisonment, followed by six years supervised release. Although the Court found Shurn to be a career offender, he was sentenced below the Guidelines sentence for career offenders.

The Eighth Circuit Court of Appeals affirmed the conviction on July 5, 2006. Shurn filed a petition for rehearing en banc, which was denied. The United States Supreme Court denied Shurn's writ of certiorari on January 23, 2007.

In the § 2255 motion now before the Court, Shurn asserts two claims. The Court will address each in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the petitioner complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

**Discussion.**

In his § 2255 motion, Shurn asserts two grounds for relief, summarized as follows:

Ground I: Ineffective assistance of counsel because (1) counsel failed to address certain evidence that was lacking; (2) for failure to retain an independent chemical expert; (3) for failure to sufficiently cross-examine several witnesses; and (4) for not challenging the sufficiency of the evidence on direct appeal.

Ground II: The evidence presented at trial was insufficient to support his conviction.

**Ground I: Ineffective Assistance of Counsel**

*(1) Failure to Address Certain Evidence that Was Lacking*

Shurn first claims that he received ineffective assistance of counsel because counsel failed to address certain evidence that was lacking (e.g., surveillance tapes, audio tapes, DEA reports regarding the sale of heroin, the identity of the buyers) and for not challenging whether Shurn was, in fact, dealing drugs. Shurn states that his attorney was ineffective for not arguing that the government produced no evidence to verify the police allegations of his drug dealing.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). At various points in his motion, Shurn points to evidence that was not introduced at his trial. This evidence includes "surveillance tapes from the holding cell of the police station," "DEA reports surrounding the buys and sales purported to have taken place," "reports and surveillance tapes of these alleged transactions." (Mem. at 4). Shurn states that he was denied access to this information, and the exclusion of this information at trial by his attorney constitutes an error in his attorney's judgment and strategy and ineffective assistance of counsel. (Mem. at 5).

In response, the government states that there were no tapes or videos or separate reports of the surveillance and drug transactions except for the police dispatch tapes. In support of its response, the government submits the affidavit of Mr. Shurn's trial attorney, Mr. Lee Lawless, the Federal Public Defender for the Eastern District of Missouri. In his affidavit, Mr. Lawless states:

> I conducted a thorough review of all discovery provided by the government and directed an independent examination which included, but was not limited to, a review of all police broadcast tapes involved with the incident, fiber analysis of clothing taken from the defendant at the time of his arrest, measurement and photography of the scene where the defendant was surveilled by the police immediately prior to his arrest. Numerous witnesses were contacted in the course of the investigation.
>
> . . .
>
> . . . I sought all reports and tapes. There were no DEA reports that I was aware of. I received copies of the police broadcast tapes as well as the police reports. Subsequent to trial, but before sentencing, I sought out and obtained the records of Nextel Corporation because the testimony at trial had established the police officers were communicating with each other over Nextel pager-type devices which did not require entering a cell phone number. Their records confirmed conversations between the officers in question during the period of time testified to.

Lawless Aff. at 1, 3.

In his memorandum, Shurn confirms his counsel's statements that no such evidence existed. Shurn states: "[C]ounsel knew before trial that there were 'no' surveillance logs, police log-in sheets, notes, memorand[a], inter-office police communications, photographs, video tapes or audio tapes which corroborated the fact that any police investigations were ever conducted by the St. Louis Police officers involved on this case prior to Shurn's arrest." (Mem. at 14).

Shurn cannot show that counsel's failure to introduce non-existent evidence at trial violates the standards established in Strickland. Based on his sworn affidavit, counsel exercised reasonable diligence and skill in discovering and reviewing all the available evidence. He subpoenaed dispatch and cell phone records of the police officers, and conducted independent examinations regarding the allegations. He sought all existing police reports and tapes of the incidents alleged. The most diligent and skillful attorney, however, cannot introduce evidence that does not exist. Mr. Shurn cannot maintain a claim for ineffective assistance of counsel for his counsel's failure to obtain surveillance

4

tapes, DEA reports, and other miscellaneous items of evidence that Mr. Shurn believes should exist, but in fact do not.

As for Shurn's argument that trial counsel did not argue that the government failed to produce evidence to verify the police allegations of drug dealing, this argument is without merit. Counsel cross examined Detective Sawyer, who had conducted extensive surveillance of Shurn, regarding the lack of evidence of surveillance. See Tr. of Det. Sawyer Testimony at 44-45 [Doc. 126]; see also infra. The Court will therefore deny Shurn's motion on this point.

    *(2) Failure to Retain Independent Expert Chemist to Challenge Heroin Quantity and Purity*

Shurn also argues that counsel was ineffective for not retaining an independent expert chemist to examine the heroin found on Shurn to determine the purity level and the amount, and for not challenging the government's chain of custody of its evidence. (Mem. at 10-11). Shurn states that had counsel challenged the quantity of heroin found in Shurn's possession, counsel would have verified it was "only the equivalent of a drug-user's amount[,] [w]hich was solely for personal use only." (Mem. at 12). He states that this would be insufficient basis from which an intent to distribute may be inferred. (Mem. at 13).

In response, the government points to the inconsistencies in Shurn's argument, particularly as it relates to Shurn's trial testimony. As part of his defense, Shurn testified at trial that he had bought five capsules of heroin earlier in the day, but that he and his friend, Shelton Coleman, had used all the heroin. He testified that he possessed no heroin at the time of his arrest. This testimony was corroborated by Mr. Coleman. Also, Shurn testified that he was not selling drugs prior to his arrest.

5

None of the defense witnesses who were present that day, Tyra Tomlin or Mr. Coleman, testified that Shurn was selling drugs prior to his arrest on June 7, 2004.

Despite all the defense evidence at trial establishing that Shurn possessed no heroin at the time of his arrest and was not selling heroin prior to his arrest, Shurn challenges his trial counsel's effectiveness because trial counsel did not hire an independent expert chemist to challenge the purity and weight of the heroin found. An attorney exercising reasonable diligence and skill, knowing defendant's defense was complete denial of the possession of heroin and denial of the distribution charge, would not retain an independent expert to evaluate the purity and weight of the heroin allegedly found on the defendant. This would undermine defendant's defense. Based on Shurn's defense as adduced through his trial testimony and that of his defense witnesses, the Court cannot find that his counsel was ineffective for failing to hire an expert whose testimony would have been entirely inconsistent with defendant's defense.

Moreover, even assuming Shurn could show counsel was ineffective for failing to retain an independent chemist to test the heroin purity and amount, Shurn cannot show the second prong of the Strickland analysis, i.e., that he was prejudiced by counsel's failure. Even assuming an independent expert would have testified to only a small amount of heroin being found on Shurn (indicative of personal use and not distribution), the evidence at trial established that Shurn had sold heroin to three separate buyers before his arrest. Therefore, it is largely irrelevant to the distribution charge whether Shurn possessed only a small amount of heroin at the time of his arrest. The testimony of the police officers established that Shurn had already distributed heroin. This circumstantial evidence of prior sales could be used by the jury to support a finding of intent to distribute. "[E]ven a small amount of contraband may combine with circumstantial evidence to

support a finding of intent to distribute." United States v. Sanders, 341 F.3d 809, 816 (8th Cir. 2003). For these reasons, Shurn cannot show that he was prejudiced by counsel's alleged failure to retain an independent chemical expert, and therefore this claim fails both prongs of the Strickland analysis.

### (3)    *Failure to Adequately Cross Examine*

Next, Shurn asserts that counsel was ineffective for failing to adequately cross examine Detectives Thomas Sawyer and Fred Lathan.[1] Based on his motion, it appears that Shurn is claiming counsel was ineffective for not adequately cross examining these law enforcement personnel "on the subject of their fabricated investigations." Namely, Shurn wanted counsel to inquire further as to the specifics of the drug deals and whether the officers could identify the objects Shurn gave to the buyers.

Shurn cannot meet either prong of the Strickland analysis based on this claim. To the extent Shurn's argument is premised upon his notion that counsel should have introduced surveillance tapes of the drug transactions, DEA reports, police log-in sheets, notes, memoranda, inter-office police communications, photographs, video tapes or audio tapes that corroborated the fact that the police fabricated their investigation, these items do not exist and therefore counsel was not ineffective for failure to cross examine the officers regarding non-existent evidence. See supra. Shurn's general argument that counsel did not effectively establish a lack of direct evidence of police surveillance is without merit.  Counsel effectively cross-examined Detective Sawyer regarding his lack of

---

[1] Shurn's memorandum also argues counsel did not effectively cross examine Parole Officer Clint Vestal. Parole Officer Clint Vestal did not testify at trial, and therefore the Court will not address this argument.

photographic evidence of his surveillance and his lack of notes, police reports, and failure to run many license plates. (Tr. of Det. Sawyer Testimony 44-45) [Doc. 126].

Based on the transcript of the proceedings, counsel's cross examination of the officers established counsel's reasonable diligence and skill. Counsel extensively cross examined Detective Lathan regarding his observance of the drug transactions, including the specifics of what he observed. (Tr. of Det. Lathan Testimony 23-28) [Doc. 125]. This cross examination included questioning Detective Lathan regarding inconsistencies in his testimony regarding what he told Detective Sawyer about the drug transactions. (Tr. of Det. Lathan at 26). Counsel also questioned Detective Lathan regarding why his communications with Detective Sawyer regarding the drug transactions did not take place over the police radio broadcast. (Tr. of Det. Lathan at 25-27). As for the cross examination of Detective Sawyer, counsel effectively established that Detective Sawyer had no direct evidence of his extended surveillance activities. (Tr. of Det. Sawyer 44-45) [Doc. 126]. Counsel also established that Detective Sawyer's trial testimony regarding his communications with Detective Lathan was inconsistent with his testimony at a pre-trial hearing. (Tr. of Det. Sawyer at 48-49).

Based on the trial testimony, counsel's cross examination of Detectives Lathan and Sawyer was effective, and Shurn has not established his counsel lacked reasonable diligence and skill. Moreover, Shurn has not shown any prejudice resulting from any alleged ineffectiveness. The Court will therefore deny Shurn's motion on this point.

### (4) *Not Challenging the Sufficiency of the Evidence on Direct Appeal*

The Court turns to Shurn's claim that counsel was ineffective in failing to challenge the sufficiency of evidence on direct appeal. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that

8

petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). If there is no merit to a claim, failure to raise it on appeal does not result in ineffective assistance under Strickland. See Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996). "The deficient performance standard is rigorous. 'Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal.' Jones v. Barnes, 463 U.S. 745, 751 (1983). Therefore, absent contrary evidence, 'we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.' Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) (quotation omitted). The prejudice standard is equally rigorous. [Movant] must show that 'the result of the proceeding would have been different' had he raised the . . . issue on direct appeal. Becht v. United States, 403 F.3d 541, 546 (8th Cir. 2005), cert. denied, 546 U.S. 1177 (2006)." Brown v. United States, 528 F.3d 1030, 1033 (8th Cir. 2008).

On a claim of failure to raise an issue on appeal, the question is not whether counsel's decision to omit an issue on appeal "was an intelligent or effective decision, 'but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt.'" Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996) (quoting Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir.1988), cert. denied, 488 U.S. 1019 (1989)).

In reviewing the sufficiency of the evidence, the appellate court would have looked at the evidence in the light most favorable to the verdict, resolved all evidentiary conflicts in favor of the government, and drawn all reasonable inferences in favor of the government. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Light, 406 F.3d 995 (8th Cir. 2005). The appellate court would have reversed the conviction only if no reasonable jury could have found Shurn guilty beyond a reasonable doubt. See United States v. Gianakos, 404 F.3d 1065 (8th Cir. 2005). The standard

9

is strict, and a finding of guilt is not to be overturned lightly. Sanders, 341 F.3d at 815. A claim of insufficiency of the evidence must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

Here, there was more than sufficient evidence to convict Shurn of the crime of possession with the intent to distribute heroin. Detective Frederick Lathan testified that he was parked in a car conducting surveillance half a block from Shurn's location. Through his binoculars he could see Shurn meeting in a group of four men. Shurn would leave the group of four men and meet up with a suspect; Shurn would engage in an hand-to-hand transaction with the suspect; the suspect would leave; and Shurn would return to his group. Describing the hand-to-hand transaction, Detective Lathan testified that he could see the individual give Shurn what he believed was currency. Shurn would reach to the left side of his body and hand the individual something, and then the individual would depart. Detective Lathan said he witnessed three transactions occurring three to five minutes apart. Six hundred and fifty-seven dollars was later taken from Shurn's person in a pat-down search. Detective Lathan also testified that he returned to the scene with an officer from the evidence unit at the police department. The officer measured the distance between where Shurn was located and the elementary school nearby. The distance was measured at 353 feet. At police headquarters, a search revealed a Crown Royal bag containing fifteen capsules of heroin pinned inside Shurn's jeans.

At trial, the jury was required to find beyond a reasonable doubt that (1) defendant was in knowing possession of heroin, and (2) defendant intended to distribute it. See 21 U.S.C. § 841(a)(1); United States v. Cuevas-Arrendondo, 469 F.3d 712, 715 (8th Cir. 2006); United States v. Howard, 427 F.3d 554, 557 (8th Cir. 2005). Based on the evidence, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the crime beyond a reasonable

10

doubt. As stated previously, the jury did not need direct evidence of an intent to distribute. Even a small amount of drugs may combine with other circumstantial evidence to support a finding of intent to distribute. See Sanders, 341 F.3d at 816.

For these reasons, Shurn's challenge to the sufficiency of the evidence is meritless, and therefore counsel cannot be deemed ineffective under Strickland for failing to raise it on appeal. Garrett, 78 F.3d at 1305. There was sufficient evidence to support the jury's findings and counsel could have reasonably determined that raising the sufficiency of evidence issue on appeal would serve no purpose.

### **Ground II:    Insufficiency of the Evidence**

In Ground II, Shurn claims the evidence presented at trial was insufficient to support his conviction. Shurn did not raise this claim on direct appeal. Where a claim could have been raised on direct appeal, but was not, it is procedurally barred cannot be raised for the first time in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If the movant is unable to show cause and actual prejudice, he must make a "substantial claim that constitutional error has caused the conviction of an innocent person." Schlup v. Delo, 513 U.S. 298, 324 (1995).

The instant claim could have been raised on direct appeal. Movant has not shown cause and actual prejudice to excuse his failure to raise Ground Two on direct appeal. See Frady, 456 U.S. at

168.² In addition, movant has not presented new evidence tending to establish that he is actually innocent of the crimes for which he was sentenced. See Schlup, 513 U.S. at 327. As a result, Ground Two is procedurally barred and will be dismissed on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that Charles Edward Shurn's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Charles Edward Shurn has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 14th day of November, 2008.

---

²Shurn cannot rely on his claim that counsel was ineffective to establish the cause to excuse the procedural default. The Court has already found counsel's performance in not raising this issue on appeal was not deficient. See supra; see also United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008).